making payment of said premium, and the court held that the matter of payment of said premium before the policy should become effective was waived and that the fact that the premium had not been paid would, under the circumstances, not be a defense to a suit on the policy. But in this case there was no waiver by appellant of any of the provisions of the policy sued on.

We hold, therefore, in view of the foregoing authorities, that the policy sued on was never delivered and that the court erred in not directing a verdict in favor of appellant, and that said judgment must be reversed therefor.

As the facts are undisputed in this case, we find therefrom that the policy sued on was never delivered and that by reason thereof appellee is not entitled to recover, and this finding is to be incorporated in the judgment to be entered by the clerk of this court.

*Judgment reversed with finding of fact.*

Oby Dawson, Appellee, v. East St. Louis & Suburban Railway Company, Appellant.

**(Not to be reported in full.)**

Appeal from the Circuit Court of Madison county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

## Statement of the Case.

Action by Oby Dawson, plaintiff, against the East St. Louis & Suburban Railway Company, defendant, to recover damages for personal injuries sustained by

plaintiff's team and wagon, being struck by one of defendant's cars. From a judgment for plaintiff for $100, defendant appeals.

Williamson, Burroughs & Ryder, for appellant.

Geers & Geers, for appellee.

Mr. Justice Boggs delivered the opinion of the court.

## Abstract of the Decision.

1. Street railroads, § 133*—*what are questions for jury in action for injuries due to collision of team with car.* In an action to recover damages for personal injuries sustained as the result of plaintiff's team and wagon colliding with one of defendant's cars, the evidence being conflicting, *held* that the questions whether plaintiff was in the exercise of due care for his own safety prior to and at the time of the injury complained of, or whether defendant was guilty of negligence in the operation of its car at the time of such injury, or whether such negligence, if any, was the proximate cause of plaintiff's injury, were for the jury.

2. Appeal and error, § 1411*—*when judgment on conflicting evidence not disturbed.* Where the evidence was conflicting, judgment *held* not reversible upon the ground that finding was against the manifest weight of the evidence.

3. Trial, § 195*—*when refusal to direct verdict for defendant is proper.* Refusal to direct a verdict for the defendant, *held* not erroneous where the evidence tended to support the averments of the declaration.

4. Instructions, § 151*—*when refusal of cumulative proper.* It is not error to refuse to give instructions already covered by other given instructions.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.